# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| WAYNE E. WILLIAMS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-06-2874 |
| § | |
| COUNTRYWIDE HOME LOANS, INC., § | |
| BANKER'S TRUST OF CALIF., § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST CO., SECRETARY OF § | |
| VETERANS AFFAIRS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND OPINION

Wayne Williams sued the defendants, Countrywide Home Loans Inc., Banker's Trust of California, Deutsche Bank National Trust Company (together, the "lender defendants"), and the Secretary of Veterans Affairs.[1]  Williams alleges that the lender defendants violated federal and state statutes governing mortgage documents, breached the mortgage lending contract, violated the automatic stay that was triggered when Williams filed for bankruptcy, and committed other offenses related to his mortgage loan.

This court previously granted summary judgment for the lender defendants and dismissed this case. (Docket Entry Nos. 13, 14).  Williams has filed a "motion for new trial on the granting of defendants' motion for summary judgment and order of dismissal."

---

[1] Williams's claims against the Secretary of Veterans Affairs were previously dismissed without prejudice for failure to effect service.

(Docket Entry No. 15). In that motion, Williams reasserts the same legal arguments made before judgment was entered.

Based on a careful review of the motion, the applicable law, and the record, this court denies Williams's motion. The reasons are explained below.

## I.     The Applicable Legal Standard

A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Federal Rule of Civil Procedure 59(e). *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n. 9 (5th Cir. 2006) (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir.1996); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (" '[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'") (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4-67 (1985)).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth

Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**II.    Analysis**

Williams presents three legal arguments, all of which he made previously. Williams presents no new facts and alleges no intervening change in the law.

Williams first argues that an unauthorized party foreclosed on his property. (Docket Entry No. 15 at 2–4). Williams argues that there is no proof in the record that Rex Kesler, the person responsible for signing the foreclosure sale in April 2006, was appointed as a substitute trustee. (*Id.*). Williams made this argument in his response to the defendants' motion for summary judgment. (Docket Entry No. 11 at 1). "Defendant's Exhibit 3 attached to its Motion for Summary Judgment shows very clearly that Plaintiff's mortgage was assigned to Vendee Mortgage Trust 1995-3. There is no evidence, or even an allegation, of a change in ownership since then. That means that only someone working on behalf of Trust 1995-3 had the right to enforce any alleged defaults on the Note and Deed of Trust." (Docket Entry No. 11 at 1). This court considered and rejected this argument as a basis for relief, given the limitations and other bars, in granting the lender defendants' summary judgment motion.

Second, Williams argues that even if Rex Kesler was the substitute trustee for Vendee Mortgage Trust 1994-2, he did not have the power to foreclose on Mortgage Trust 1995-3. (Docket Entry No. 15 at 4–5). Williams also made this argument in his response to the defendants' summary judgment motion, (Docket Entry No. 11 at 2), and this court did not find that it precluded the entry of judgment.

Third, Williams argues that the court should not follow the defendants' "misnomer" argument. (Docket Entry No. 15 at 6–8). "The Plaintiff strongly disagrees that the foreclosure and eviction authorized by a party that did not show it had the right to do so can be summarily excused as a mere misnomer. Each trust [Vendee Mortgage Trust 1995-2 and 1995-3] is a separate, distinct, and unique legal entity that can only exist as a creature of law." (Docket Entry No. 15 at 2). Williams maintains that Vendee Mortgage Trust 1995-2 is not the same as Vendee Mortgage Trust 1995-3, and that the lender defendants lacked standing to foreclose on Vendee Mortgage Trust 1995-3. (*Id.*). Williams made this argument, without success, in his response to defendants' summary judgment motion. (Docket Entry No. 11 at 2).[2] He does not present an additional basis for the argument here.

Williams has failed to show a manifest error of law or fact. Instead, Williams has presented legal arguments previously ruled on by this court. His motion for new trial is denied.

## III.   Conclusion

---

[2] This court held that the "apparent clerical or typographical error in the foreclosure documents did not deprive Williams of the due process afforded to debtors under the Texas Property Code and did not prevent Deutsche Bank from lawfully foreclosing." (Docket Entry No. 13 at 19).

The motion for a new trial is denied. (Docket Entry No. 15).

SIGNED on August 8, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge